IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KEVIN MICHAEL FISK,

   Petitioner,        No. CIV S-09-2203 EFB (TEMP) P

 vs.

STATE OF CALIFORNIA,

   Respondent.       ORDER
_____/

   Petitioner is a California prisoner proceeding pro se with a petition for writ of habeas corpus under 28 U.S.C. § 2254. Petitioner is serving a sentence of 25-years-to-life for possession methamphetamine for sale. He challenges his conviction and sentence.

I. <u>Background</u>

   On direct appeal, the California Court of Appeal summarized the facts presented at trial and the trial court proceedings as follows:

> One afternoon in May 2007, Officer William Niethammer of the Citrus Heights Police Department was on patrol with another officer in a marked patrol car when he saw several people (including defendant) standing on a sidewalk. The sidewalk was near a business that had a "no loitering" sign. As Officer Niethammer drove toward the group, two people from the group left; defendant remained on the sidewalk holding his bicycle. Officer Niethammer did not activate his sirens on his patrol car. He parked in a parking space in front of defendant and walked up

to the defendant while the other officer stayed with the patrol car. He never commanded defendant to stop, and neither officer had his weapon drawn. It took Officer Niethammer roughly 10 seconds to walk up to defendant.

Officer Niethammer greeted defendant and asked him, "how's it going." Defendant responded, "fine." When Officer Niethammer asked defendant if he was on probation or parole, defendant said he was on parole for robbery. At one point, defendant gave Officer Niethammer his California ID card. When Officer Niethammer asked if he could pat defendant down for weapons, defendant replied, "no problem." The other officer then took defendant's bicycle and placed it to the side.

As a result of the search, Officer Niethammer found several "baggies" in defendant's coin pocket: eight had a white crystalline substance later found to be methamphetamine and nine were empty. Defendant had over four grams of methamphetamine capable of getting someone "high" for 400 hours. The eight baggies with methamphetamine had a street value of approximately $400 to $480. Defendant had no money or drug paraphernalia with him, and he was never tested for any drugs he might have consumed. At the police station, defendant told Officer Niethammer he had information on "several large drug dealers [who] he would like to give up."

An amended information charged defendant with possession of methamphetamine for sale. It also alleged defendant was convicted of robbery in 1993 and 1997 and that these convictions were prior serious felonies. The information further alleged defendant served a prior prison term for each robbery and served prison terms for a 1991 conviction of possession of a controlled substance and a 1987 conviction of possession of a controlled substance for sale.

Defendant moved to suppress evidence from the police encounter. The trial court denied the suppression motion. After defendant was convicted, the trial court found at bifurcated proceedings that four of the five enhancement allegations were true.

The court declined to strike any prior serious felonies under *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, declined to place defendant on probation and sentenced him to 25 years to life in state prison.

Answer, Ex. A at 2-3.

////

////

2

II. Standard For Relief Under 28 U.S.C. § 2254

An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). Also, federal habeas corpus relief is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).[1] It is the habeas petitioner's burden to show he is not precluded from obtaining relief by § 2254(d). *See Woodford v. Visciotti*, 537 U.S. 19, 25 (2002).

The "contrary to" and "unreasonable application" clauses of § 2254(d)(1) are different. As the Supreme Court has explained:

> A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts. The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case. The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in Williams [v. Taylor, 529 U.S. 362 (2000)] that an unreasonable application is different from an incorrect one.

*Bell v. Cone*, 535 U.S. 685, 694 (2002).

The court looks to the last reasoned state court decision in determining whether the law applied to a particular claim by the state courts was contrary to the law set forth in the cases of

////

---

[1] Title 28 U.S.C. § 2254(d) establishes a precondition to federal habeas relief, not grounds for entitlement to habeas relief. *Fry v. Pliler*, 551 U.S. 112, 119 (2007).

the United States Supreme Court or whether an unreasonable application of such law has occurred. *Avila v. Galaza*, 297 F.3d 911, 918 (9th Cir. 2002).

A state court does not apply a rule different from the law set forth in Supreme Court cases, or unreasonably apply such law, if the state court simply fails to cite or fails to indicate an awareness of federal law. *Early v. Packer*, 537 U.S. 3, 8 (2002).

"[W]hen a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." *Harrington v. Richter*, 131 S. Ct. 770, 784-85 (2011). "The presumption may be overcome when there is reason to think some other explanation for the state court's decision is more likely." *Id*. at 785.

Where the state court fails to give any reasoning whatsoever in support of the denial of a claim arising under Constitutional or federal law, the Ninth Circuit has held that this court must perform an independent review of the record to ascertain whether the state court decision was objectively unreasonable. *Himes v. Thompson*, 336 F.3d 848, 853 (9th Cir. 2003). As long as "'fairminded jurists could disagree' on the correctness of the state court's decision," habeas relief is precluded. *Harrington*, 131 S. Ct. 786.

If the state court does not reach the merits of a particular claim, *de novo* review applies. *Lewis v. Mayle*, 391 F.3d 989, 996 (9th Cir. 2004).

II. Arguments And Analysis

In his first claim, petitioner challenges the trial court's ruling on the motion to suppress evidence identified above. Presumably, petitioner believes the methamphetamine found on his person should have been suppressed because it was obtained pursuant to an unreasonable search in violation of the Fourth Amendment.

Where a state provides an opportunity to litigate a Fourth Amendment claim, that claim cannot be raised in an application for writ of habeas corpus under 28 U.S.C. § 2254. *Stone v. Powell*, 428 U.S. 465, 489-495 (1976). Petitioner does not allege that he was denied the

opportunity to present his claim regarding the trial court's motion to suppress ruling at the higher levels of California's courts and the record before the court shows that petitioner did in fact raise that claim at the California Court of Appeal, Answer, Ex. 1 at 4-6, and the California Supreme Court, Resp't's Lodg. Doc. 5 at 2. For all of these reasons, petitioner's first claim must be rejected.

Petitioner's second claim is that the evidence presented to the jury was not sufficient to support his conviction. In support of his argument he highlights that no money or scale was found in his possession when the methamphetamine was found and he was not caught actually selling the methamphetamine. Finally, petitioner asserts that the drugs found could have been used by him in a single day.

A petitioner for a federal writ of habeas corpus faces a heavy burden when challenging the sufficiency of the evidence used to convict. In *Jackson v. Virginia*, 443 U.S. 307, 319 (1979), the Supreme Court held "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Emphasis in original.)

The last court to issue a reasoned opinion with respect to this claim was the California Court of Appeal on direct appeal. The Court identified the correct legal standard by which to judge petitioner's claim. Answer, Ex. 1 at 8. Also, the court found that there is sufficient evidence to support petitioner's conviction. In support of this conclusion, the court pointed to the following evidence:

1. Defendant was found to possess four grams of methamphetamine capable of getting someone "high" for 400 hours.

2. A usual dosage is .1 grams for an 8 to 12 hour high. Heavy users still only use approximately half a gram a day.

3. Defendant was found to possess eight baggies of methamphetamine valued at roughly $400 to $480.

4. Defendant told officers at the police station he wanted to "give up" several larger drug distributors.

5. The fact that petitioner had no money with him was consistent with testimony presented at trial by Detective Michael Wells that often in drug sales one person carries the drugs and another person carries the money.

*Id.* at 6-7.

The court noted that certain evidence, such as the fact that petitioner was not found in possession of a scale or other drug paraphernalia, could have been used in support of a conclusion by the jury that petitioner was innocent. But, the court essentially found that in light of all the evidence, the conclusion reached by the jury was reasonable. *Id.* at 7-8. Petitioner does not assert that any of the evidence identified by the court of appeal was not actually presented at trial.

After reviewing the arguments of the parties and applicable law, the court finds that petitioner is precluded from obtaining habeas relief as to his insufficiency of the evidence claim by 28 U.S.C. § 2254(a). The California Court of Appeal's decision to deny petitioner's claim is not contrary to, nor does it involve an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States. Accordingly, petitioner's second claim must be rejected.

Finally, petitioner asserts the trial court should have declined to sentence petitioner to 25-years-to-life imprisonment because that sentence constitutes cruel and unusual punishment in violation of the Eighth Amendment.[2] The last court to issue a reasoned opinion with respect to this claim was the California Court of Appeal on direct appeal. Answer, Ex. 1 at 10-12.

---

[2] To the extent petitioner argues that his sentence violates state law, e.g. the trial court abused its discretion in failing to strike prior "serious felonies" from consideration at sentencing pursuant to *People v. Superior Court (Romero)*, 13 Cal.4th 497 (1996), habeas relief is not available. As indicated above, an application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a).

The Court of Appeal identified the correct legal standard governing petitioner's Eighth Amendment claim which is that the Eighth Amendment forbids extreme sentences that are grossly disproportionate to the crime. *Ewing v. California*, 538 U.S. 11, 23 (2003). The court also correctly identified the Supreme Court's position with respect to statutes which require longer sentences of imprisonment for recidivists:

> The United States Supreme Court has repeatedly upheld statutory schemes resulting in life imprisonment for recidivists upon a third conviction for a nonviolent felony because punishing recidivists is a legitimate penological goal. "[T]he State's interest is not merely punishing the offense of conviction . . . . '[I]t is in addition the interest . . . in dealing in a harsher manner with those who by repeated criminal acts have shown that they are simply incapable of conforming to the norms of society.'" (*Ewing v. California* (2003) 538 U.S. 11, 29 [155 L. Ed. 2d 108, 122], citing *Rummel v. Estelle* (1980) 445 U.S. 263, 276 [63 L. Ed. 2d 382, 392] . ) In *Ewing*, the defendant was sentenced to 25 years to life because he stole three golf clubs valued at $399 each. (*Ewing*, at pp. 18-20 [155 L. Ed. 2d. at pp. 115-177] . ) The sentence was enhanced because he had prior burglary convictions and a robbery conviction. (*Id*. at p. 20 [155 L. Ed. 2d. at p. 116] . ) Nevertheless, the Supreme Court held his sentence was not cruel and unusual punishment. (*Id*. at pp. 30-31 [155 L. Ed. 2d. at p. 123] . )

Answer, Ex. 1 at 11. After identifying the correct legal standards, the court found as follows:

> Applying the proportionality test in light of *Ewing*, we first note defendant's sentence is the same as the one imposed in *Ewing*. (*Ewing v. California, supra,* 538 U.S. at p. 20 [155 L. Ed. 2d at p. 116] . ) The law he violated is at least as serious as stealing three golf clubs. (*Id*. at p. 19 [155 L. Ed. 2d at p. 116] . ) Second, as previously discussed, in addition to the two felony convictions, defendant's history of criminal activity includes conspiring to escape from jail, false imprisonment, and possession of a firearm. While on parole, he committed the present offense.
>
> Considering, as we should, not only the seriousness of his current offense, but also his history of repeated criminal violations, we cannot say his sentence is grossly disproportionate to his current offense when viewed in light of his long standing criminal history. . .

Answer, Ex. 1 at 11-12.

Again, petitioner is precluded from obtaining habeas relief by 28 U.S.C. § 2254(a). The decision to deny petitioner's Eighth Amendment claim by the California Court of Appeal is not

7

contrary to, nor does in involve an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States and petitioner does not allege that it is based on an unreasonable interpretation of the facts. Accordingly, petitioner's final claim must be rejected.

III. Conlusion

    For all the foregoing reasons, petitioner's application for writ of habeas corpus will be denied.

    Accordingly, IT IS HEREBY ORDERED that:

    1. Petitioner's application for a writ of habeas corpus is denied;

    2. The Clerk is directed to close the case; and

    3. The court declines to issue the certificate of appealability referenced in 28 U.S.C. § 2253.

DATED: March 23, 2011.

EDMUND F. BRENNAN  
UNITED STATES MAGISTRATE JUDGE

8